UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WALI KHAN,<br>NUR AFIQAH BINTI MOHD SHARIT<br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANTONY J. BLINKEN, U.S. Secretary of State, et al.<br>　　　　Defendants. | CIVIL ACTION NO.<br><br>1:23-CV-1194-CAP |

**O R D E R**

This matter is before the court on the defendants' motion to dismiss the plaintiffs' complaint for a writ of mandamus and declaratory relief [Doc. No. 8].

**I.      Background**

The plaintiffs, Mr. Khan and his spouse Ms. Sharit, filed a complaint seeking to "compel the Department of State and its officers ("Defendants") to immediately take all appropriate action [to] issue a decision on the immigrant visa application of Plaintiffs Ms. Sharit and Mr. Khan [which] has been pending at the U.S. Consulate in Kuala Lumpur, Malaysia ("the Consulate") since August 16, 2022." Compl. at ¶ 1 [Doc. No. 1]. Mr. Khan is s

citizen of the United States. *Id*. at ¶ 2.  On June 13, 2020, Mr. Khan filed a I-130 petition with the U.S. Citizenship and Immigration Service ("USCIS") seeking a visa for his wife, Ms. Sharit. *Id*. The application was approved on April 22, 2021 and forwarded to the Consulate. *Id*. The plaintiffs contend that the visa application has been delayed by "administrative processing."

The defendants have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) arguing that (1) the plaintiffs fail to state a claim that the court should review a visa denial; (2) the doctrine of consular non-reviewability bars the plaintiffs' claims; and (3) this court lacks jurisdiction to expand judicial review of visa denials [Doc. No. 8].

## II.    Motion to Dismiss

The parties agree that the threshold issue is whether the plaintiffs have adequately alleged that an August 16, 2022 document provided to Ms. Sharit following her immigration interview in Kuala Lumpur is a "refusal" of her visa application. Here, the defendants' position that Ms. Sharit's visa application was "refused" by the August 16, 2022 document is untenable.

First, on the face of the document, it states that Ms. Sharit is ineligible for an immigrant visa "**pending receipt and review of the information or documentation below**." Ex. G to Compl. [Doc. No. 1-7] (emphasis

added). The information and documentation identified are certified English translations of Ms. Sharit's birth and marriage certificates. *Id.* Second, the plaintiffs' complaint alleges that numerous communications received since her provision of those required documents state that her visa application is pending administrative review. Compl. at ¶¶ 38-40; Exs. J, K, L, M.

Thus, the plaintiffs have clearly and plausibly alleged that the August 16, 2022 document was not a refusal of her visa application. Accordingly, the doctrine of consular non-reviewability does not require dismissal of the plaintiffs' complaint.

Because the doctrine of consular non-reviewability is not triggered in this case (as there has been no final decision on Ms. Sharit's visa application), the defendant's jurisdictional arguments related to the Administrative Procedures Act and the Writ of Mandamus Act in terms of the scope of judicial review are moot. Finally, the defendants' contention that the length of the delay here is not unreasonable does not warrant dismissal. While it is true that courts in other jurisdictions have held lengthier delays are not unreasonable, given the extensive time period (more than 14 months) the application has remained pending with no action, the court cannot, at the pleading stage, make such a holding here.

### III. Conclusion

For the reasons stated above, the court hereby DENIES the defendants' motion to dismiss [Doc. No. 8].

**SO ORDERED** this 9th day of November, 2023.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge